UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY HARRISON SHABAZZ,<br><br>              Plaintiff,<br><br>      v.<br><br>DEBRA KAHN, et al.,<br><br>              Defendants. | Case No. 2:25-cv-02813-TLN-CSK PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1, 3) |

Plaintiff Tiffany Harrison Shabazz is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 3.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I.    **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**II.   DISCUSSION**

Plaintiff brings three causes of action against Defendants Dr. Kahn, Christine (RN), and Susan Peck: (1) wrongful death; (2) elder abuse/neglect under California Welfare & Institutions Code § 15600 et seq.; and (3) interference with civil rights/familial association under 42 U.S.C. § 1983. *See* Compl. (ECF No. 1). Plaintiff's claims appear to relate to an incident that took place beginning "in or around" 2021, and lasted approximately ten months. Compl. ¶¶ 6, 7. Plaintiff alleges that in 2021, Iman Shabazz,

Plaintiff's spouse, was hospitalized and later transferred into long-term care. Compl. ¶¶ 1, 6. Defendants confiscated Iman Shabazz's personal cell phone and his daughter's phone for approximately ten months, "isolating him from his wife, children, and advocates." Compl. ¶ 7.

### A.   Pro Se Representation

Plaintiff brings this action "individually and as a representative of the Estate of Iman Shabazz, and on behalf of minor children[.]" Compl. at 1. Plaintiff is not able to bring a claim on behalf of her minor children, because she cannot represent others pro se. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (pro se party "has no authority to appear as an attorney for others than himself"). Further, Plaintiff is not able to bring a claim on behalf on the Estate of Iman Shabazz for the same reason. *See Gutierrez v. Dep't of Children & Family Servs. (D.C.F.S.)*, 2022 WL 3574691, at *2 (C.D. Cal. Feb. 3, 2022) (finding the plaintiff could not sue on behalf of the estate of his daughter). If Plaintiff wishes to bring claims on behalf of the estate and her minor children, she will need to retain a lawyer.

### B.   Statute of Limitations for 42 U.S.C. § 1983

Section 1983 does not contain a specific statute of limitations, so federal courts apply "the law of the state in which the cause of action arose and apply the state law of limitations governing an analogous cause of action. *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). For Section 1983 actions, federal courts apply the "forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat. Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (internal quotation marks and citations omitted).

Under California law, the statute of limitations for personal injury actions is two

years. *Butler*, 766 F.3d at 1198 (citing Cal. Code Civ. P. § 335.1). This limitations period is statutorily tolled for a period of two years for person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." *See* Cal. Code Civ. P. § 352.1(a); *Johnson v. State of California*, 207 F.3d 650, 654 (9th Cir. 2000). The statute of limitations can be suspended by equitable tolling as well. *See Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). Under California law, equitable tolling suspends or extends a statute of limitations when an injured person has several potential legal remedies and pursues one reasonably and in good faith. *Honchariw v. Cnty. of Stanislaus*, 530 F. Supp. 3d 939, 949-50 (E.D. Cal. Mar. 31, 2021) (citing *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal.4th 88, 99-100 (2008)). To determine whether equitable tolling may extend a statute of limitations, courts look at whether plaintiff has provided timely notice to the defendant, whether there is lack of prejudice to defendant, and whether plaintiff had acted reasonably and in good faith. *Id.* at 950. Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it is apparent from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *Callins v. Mason,* 2022 WL 1720951, at *2 (E.D. Cal. May 27, 2022) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)).

Here, it appears that Plaintiff has brought her claims in this Court well after the two-year statute of limitations period. Construing the Complaint liberally, the alleged wrongful conduct began at the end of 2021 and lasted around ten months, with the challenged conduct ending around the end of 2022. Plaintiff's claim is therefore outside the two year statute of limitations timeline. The Complaint in its current form does not allege any facts to suggest equitable or statutory tolling. *See generally* Compl. Therefore, the Complaint is dismissed as time barred. However, because it is conceivable that Plaintiff may be able to allege facts to justify equitable tolling or some other tolling of the limitations period, the Court will dismiss these claims without prejudice. The Court notes that if Plaintiff amends in an effort to plead cognizable claims,

the amended complaint must plead additional facts, including facts regarding tolling of the limitations period.

### C. Improper Defendants Under 42 U.S.C. § 1983

Plaintiff brings one claim against Defendants under 42 U.S.C. § 1983, which provides a cause of action for the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States by a person acting "under color of any statute." *Gomez v. Toledo*, 446 U.S. 635, 638 (1980). Section 1983 claims must demonstrate the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. *See Lindke v. Freed*, 601 U.S. 187, 194 (2024). Plaintiff attempts to bring three causes of action against Defendants Dr. Debra Kahn, Christine (RN), and Susan Peck, who each appear to be private actors based on the Complaint's allegations. *See* Compl. ¶¶ 1-4.

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). However, a private entity's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). To determine whether actions committed by private actors that allegedly caused the deprivation of a right are fairly attributable to the state, the court must determine whether the depriving party is "a person who may fairly be said to be a state actor." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted).

Here, Plaintiff has not alleged sufficient facts to establish significant state involvement in Defendants' actions. Plaintiff alleges that beginning in or around 2021, her deceased spouse Iman Shabazz was hospitalized and transferred to long-term care. Compl. ¶ 6. During this period, Defendants "engaged in conduct that deprived him of essential rights and protections." *Id.* Plaintiff alleges that Defendant Dr. Kahn was a physician involved in Iman Shabazz's care, Defendant Christine was a registered nurse involved in his care, and Defendant Peck was a staff member involved in decisions

restricting Iman Shabazz's communications and medical autonomy. *Id.* ¶¶ 2-4. As a general matter, private hospitals and doctors are not state actors and therefore cannot be sued under § 1983." *Felix v. Casey*, 2021 WL 2209828, at *2 (E.D. Cal. June 1, 2021) (citing *Briley v. California*, 564 F.2d, 855-856 (9th Cir. 1977)). Here, Plaintiff has not pled sufficient allegations showing that Defendants acted under color of state law, or the involvement of any government actor, in providing medical care to Plaintiff's husband. Accordingly, Plaintiff's causes of actions against Defendants are dismissed with leave to amend. Plaintiff will be provided an opportunity to amend her Complaint, and if she can plead such facts, an amendment must allege sufficient facts that Defendants acted under color of state law.

### D. Plaintiff's State Law Claims

Plaintiff brings claims for wrongful death and elder abuse/neglect against all Defendants. Plaintiff alleges that Defendants' conduct "deprived [Iman Shabazz] of his essential rights and protections" and that Defendants confiscated his and his daughter's cell phone, isolating him from his family. Compl ¶¶ 6-7. Plaintiff alleges this deliberate indifference "caused extreme emotional distress to both Iman [Shabazz] and his family, prevented him from communicating his wishes, and contributed to further neglect and deterioration of his health." Compl. ¶ 8. Further, Plaintiff alleges that Defendants acted with "reckless disregard for Iman [Shabazz's] medical needs, personal dignity, and family rights." Compl. ¶ 9.

Plaintiff fails to state a claim for wrongful death against Defendants. The elements of a California wrongful death claim are: (1) a wrongful act or neglect on the part of one or more persons that (2) causes (3) the death of another person. *Estate of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F. Supp. 2d 1101, 1118 (E.D. Cal. 2013) (citing *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 390 (1999)). The Complaint's allegations are insufficient to state a claim for wrongful death. Accordingly, Plaintiff's claim is dismissed with leave to amend to the extent she can alleged additional facts to support her claim.

Plaintiff also fails to state a claim for elder abuse/neglect against Defendants.

Under the California Welfare and Institutions Code, "elder" is defined as any person residing in this state, who is 65 years of age or older. Cal. Welf. & Inst. Code § 15610.27. Plaintiff has not alleged that Iman Shabazz is 65 years of age or older. *See* Compl. Further, to state a claim for elder abuse under California law, a plaintiff must show that the defendant (1) "subjected an elder to statutorily-defined physical abuse, neglect, of financial abuse" and (2) "acted with recklessness, malice, oppression, or fraud in the commission of the abuse." Jack v. Jack, 2013 WL 557019, at *3 (N.D. Cal. Feb. 12, 2013) (citing *Von Mangolt Hills v. Intensive Air, Inc.*, 2007 WL 521222, at *2 (N.D. Cal. Feb. 15, 2007)). Under the California Welfare and Institutions Code, one of the meanings of "neglect" is "[t]he negligent failure of any person having the care or custody of an elder or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise." Cal. Welf. & Inst. Code § 15610.57(a)(1). The Complaint's allegations are insufficient to state a elder abuse claim. Accordingly, Plaintiff's elder abuse claim is dismissed with leave to amend to the extent she can allege additional facts to support such a claim.

### E. Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under Section 1983, wrongful death, and elder abuse, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in

sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

### III.  CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 3) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that

this action be dismissed.

Dated:  December 1, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, shab.2813.25