UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY HARRISON SHABAZZ, | Case No. 2:25-cv-02813-TLN-CSK (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DEBRA KHAN, et al., | (ECF Nos. 5) |
| Defendant. | |

Plaintiff Tiffany Harrison Shabazz is representing herself in this action and has filed an amended Complaint. (ECF No. 5.) The Court granted Plaintiff's request to proceed in forma pauperis and dismissed the Complaint with leave to amend within 30 days. (ECF No. 4.) For the reasons that follow, the Court recommends that the FAC be dismissed without leave to amend for failure to state a claim.

## I.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In

1

reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 339 (9th Cir. 1996).

## II.    DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983 against the following three (3) defendants: Debra Khan, M.D., Christine, R.N., and Susan Peck, a facility staff member. First Amended Complaint ("FAC") (ECF No. 5 at ¶¶ 6-8) Plaintiff alleges that Defendants, under the color of state law, deprived her of due process and familial association. *Id*. at ¶¶ 42-43. Plaintiff further alleges two state law torts against all Defendants: negligent misrepresentation and wrongful death. *Id*. at ¶¶ 44-46.

The FAC arises from an incident that took place "in or around 2021," when

Plaintiff's husband, Iman Shabazz, was hospitalized and placed in long-term care. *Id*. at ¶ 10. Plaintiff alleges all three Defendants were directly involved in her husband's care and contributed to Mr. Shabazz's "neglect and deterioration of [his] physical and psychological condition," by isolating him from family and restricting communication. *Id*. at ¶¶ 13-14.

Plaintiff alleges Defendant Khan misrepresented Mr. Shabazz's cognitive impairment by relying on a Brief Interview for Mental Status ("BIMS") cognitive score to declare Mr. Shabazz incompetent. *Id*. at ¶¶ 18-19. Further, Plaintiff alleges that hospital staff relied on Defendant Khan's determination to prevent Mr. Shabazz from "executing legal documents…restrict[ing] communication and visitation, and to justify continued confinement and isolation." *Id*. at ¶ 20.

Plaintiff alleges Defendant Christine, R.N., confiscated the phone of her minor daughter, and allegedly threatened the child that she could not see her father unless she complied. *Id*. at ¶¶ 22-23. The Complaint alleges this conduct caused severe emotional distress to Plaintiff. *Id*. at ¶ 28.

Finally, Plaintiff alleges Defendant Peck prevented Mr. Shabazz from "making phone calls or receiving visits from Plaintiff without lawful authority…" *Id*. at ¶ 29. The Complaint also alleges Defendant Peck falsely represented that Mr. Shabazz was incompetent and had made false statements to "justify having Plaintiff trespassed (*sic*) from the facility…" *Id*. at ¶¶ 30, 32.

### A.    Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's FAC reveals it consists of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim for relief. *Iqbal*, 556 U.S. at 678. While this problem infects the entire complaint, the

Court discusses the FAC's deficiencies in pleading particular claims below.

**B.    Failure to State a Claim**

    1.    <u>42 U.S.C. § 1983</u>

Plaintiff's FAC fails to state a claim against any defendant under Section 1983. 42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.*A., 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff only alleges "Defendants deprived [Plaintiff] of her constitutional rights to due process and familial association." FAC at ¶ 42. These conclusory allegations do not suffice to state a claim under Section 1983.

Moreover, as explained in the December 1, 2025 order screening Plaintiff's original Complaint, the Section 1983 claim based on the incident taking place "in or around 2021," is ultimately time barred absent a showing of equitable tolling. 12/01/2025 Order at 4-5 (ECF No. 4). In her attempt to demonstrate equitable tolling in the FAC, Plaintiff alleges Defendants had concealed Mr. Shabazz's "true cognitive abilities," and that she "pursued relief diligently once Defendant's representations were contradicted by documentary evidence and contemporaneous admissions by facility staff." FAC at ¶¶ 38, 40. These allegations are conclusory, and Plaintiff fails to allege facts to justify equitable tolling. The Court therefore also recommends dismissal of the FAC as time barred.

4

Further, as also explained in the December 1, 2025 order screening Plaintiff's original Complaint, Plaintiff is unable to demonstrate that Defendants acted under the color of state law as required to state a claim under Section 1983. To support allegations of state involvement, Plaintiff claims, "Defendants acted in concert with facility administrators and social workers operating under Medi-Cal funding, state reporting requirements, and regulatory authority." FAC at ¶ 36. However, the Ninth Circuit has held that state funding and regulatory oversight of private hospitals are insufficient to establish liability under Section 1983. *See Ascherman v. Presbyterian Hospital of Pac. Medical Center, Inc.*, 507 F. 2d 1103, 1105 (9th Cir. 1974) (finding a private hospital's receipt of federal funds, coupled with federal and state tax exemptions did not constitute state action to incur liability under Section 1983); *Chrisman v. Sisters of St. Joseph of Peace*, 506 F. 2d 308, 314 (9th Cir. 1974) (finding tax exemption and state regulation of a private hospital did not constitute state action to provide basis for Section 1983 suit). Because Plaintiff has not made any additional allegations outside of receipt of state funding or state regulation, she has failed to allege sufficient facts that  Defendants acted under the color of state law to support a Section 1983 claim, and the Court recommends dismissal.

### 2. Plaintiff's State Law Claims

Plaintiff brings additional claims for negligent misrepresentation and wrongful death against all Defendants. Plaintiff fails to state either claim against Defendants pursuant to Federal Rule of Civil Procedure 8.

To state a claim for negligent misrepresentation, a plaintiff must allege "(1) a misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Chevron Products Company v. Advanced Corrosion Technologies & Training, LLC*, 2021 WL 2154647, at *2 (N.D. Cal. 2021) (quoting *Ragland v. U.S. Bank National Assn.*, 209 Cal. App. 4th 182, 196 (2012)). Here, Plaintiff only alleges "Defendants

knowingly or recklessly made false statements regarding Iman Shabazz's capacity," and that "Plaintiff reasonably relied on these misrepresentations to her detriment." FAC at ¶¶ 44-45. These allegations are conclusory and fail to state a claim for negligent misrepresentation, therefore, the Court recommends dismissing this claim.

Plaintiff also brings a claim for wrongful death. The elements of a California wrongful death claim are: (1) a wrongful act or neglect on the part of one or more persons that (2) causes (3) the death of another person. *Estate of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F. Supp. 2d 1101, 1118 (E.D. Cal. 2013) (citing *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 390 (1999)). Once again, as explained in the December 1, 2025 order screening Plaintiff's original Complaint, Plaintiff has failed to allege additional facts to support her claim. 12/01/2025 Order at 6. Therefore, the Court recommends dismissal.

### C.    Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, the Court provided Plaintiff with a detailed explanation of the deficiencies in her original Complaint and granted leave to amend. Despite this, Plaintiff has been

unable to cure the deficiencies and allege sufficient facts to state a claim against any defendant. Accordingly, the Court finds that further amendment would be futile. The FAC should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*, 70 F.3d at 1105-06.

## III.    CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1.    Plaintiff's First Amended Complaint (ECF No. 5) be DISMISSED without leave to amend; and

2.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 22, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, shab.2813.25.screen.fac